UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| YISSACHER RUBASHKIN, on behalf of himself and all other similarly situated consumers,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED COLLECTION BUREAU, INC. ,<br><br>Defendant. | CASE NO.<br><br>CIRCUIT COURT CASE NO: 2022-019384-CA-01 |

## DEFENDANT, UNITED COLLECTION BUREAU INC.'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant United Collection Bureau, Inc., (hereinafter referred to as "UCB") respectfully files this Notice of Removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, where the action is now pending under Case No. 2022-019384-CA-01, to the United States District Court for the Southern District of Florida. In connection with this Notice of Removal, UCB, through its counsel, states as follows:

1. The above-styled action was commenced by Plaintiff, Yissacher Rubashkin ("Plaintiff"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, by the filing of a Complaint on October 10, 2022. The Complaint is attached hereto as an Exhibit.

2. The Complaint alleges violation of the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").

3. A Waiver of Service of Process was filed on October 19, 2022.

4. This Court has federal question jurisdiction over this action under the provisions

of 28 U.S.C. § 1331, and the matter is removable pursuant to 28 U.S.C. § 1441 because it asserts violation of and demands relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

5.     Moreover, this Court has supplemental jurisdiction over Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367.

6.     This Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

## MEMORANDUM OF LAW

A.     **The United States District Court Has Jurisdiction Over this Matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]" 28 U.S.C. §1441(a). In the instant case, original jurisdiction is available under 28 U.S.C. §1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Further, 28 U.S.C. § 1441 (b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the united States shall be removable without regard to the citizenship or residence of the parties

This civil action purports to arise under federal law, since Plaintiff alleges that UCB violated the federal FDCPA. The Court should take pendant jurisdiction of any claim that

Plaintiff is asserting under the state law, the FCCPA Claims, since they arise from alleged facts that are substantially similar to those giving rise to Plaintiff's federal claims.

**B.     UCB Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446.  Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal, which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446.  Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading.  *See* 28 U.S.C. §1446.

Paragraphs 1 through 6 above set forth the grounds on which removal is sought, specifically citing the federal statutes upon which original jurisdiction is premised (under 28 U.S.C. § 1331) and the factual support for that jurisdiction. Accordingly, UCB has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal.  In addition, this notice has annexed to it all process, pleadings and other papers that have been served on UCB in compliance with 28 U.S.C. §1446.

**C.     Conclusion**

UCB has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of Florida which govern removal from state court, and this Court has original jurisdiction over this matter.  Accordingly, UCB respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

**WHEREFORE**, Defendant UCB, hereby give notice that the state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2022-019384-CA-01 is removed to the United States District Court for the Southern District of Florida.

Respectfully Submitted November 14, 2022.

                                          _s/ Robin Taylor Symons_
                                          Robin Taylor Symons, Esq.
                                          Florida Bar No. 356832
                                          rsymons@grsm.com
                                          GORDON & REES
                                          SCULLY MANSUKHANI
                                          100 SE Second Street, Suite 3900
                                          Miami, FL 33131
                                          MIA_Eservice@gordonrees.com
                                          Tel:  305-428-5330
                                          *Counsel for Defendant*
                                          *United Collection Bureau, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record on the Service List below.

*s/ Robin Taylor Symons*
Robin Taylor Symons, Esq.

## SERVICE LIST

Omar M. Salazar, Esq.
Ely R. Levy, Esq.
Levy & Partners, PLLC
3230 Stirling Road, Suite 1
Hollywood, Florida 33021
Tel: (954) 727-8570
Fax: (954) 241-6857
omar@lawlp.com
claudia@lawlp.com
maritza@lawlp.com

**GORDON & REES SCULLY MANSUKHANI**
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131